UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-04743-MWC-PD Date: August 6, 2026

Title *John Doe v. The Regents of the University of California*

Present: The Honorable: Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings (In Chambers):** **Order Denying Plaintiffs' Motion to Proceed Under Pseudonym Without Prejudice, Dkt. No. 2**

Before the Court is Plaintiff John Doe's ("Plaintiff") Motion to Proceed under Pseudonym (the "Motion"). Dkt. No. 2.

## I. Background

Plaintiff has filed a Complaint against the Regents of the University of California alleging discrimination in the admissions process. Dkt. No. 1. Plaintiff alleges that "because the litigation involves highly sensitive personal information regarding Plaintiff's ancestry, educational records, and potential for future personal harm, Plaintiff seeks to proceed pseudonymously to protect their privacy." Dkt. No. 2 at 1-2. Plaintiff alleges that this case involves detailed inquiries into Plaintiffs ethnic heritage; the facts rely on his "confidential academic records, which are protected under federal law (FERPA)"; that public identification in a high-profile discrimination suit against a major institution like University of California carries a significant risk of "blacklisting" from potential future employers and professional

collaborators; that the Complaint alleges University of California's admissions practices unfairly favor Jews and that " 'critics of Jews' unfair treatment of non-Jews have reportedly faced financial harm such as 'debanking'"; that there is a risk of future harm; and there is no prejudice to Defendant. *Id*. at 2-3.

## II. Discussion

### A. Legal Standard

A defendant's due process right to confront an adversary and the public's right of access to judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own names. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Ests*., 596 F.3d 1036, 1042-43 (9th Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a) (requiring that "[t]he title of the complaint must name all the parties"). However, in the "unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment," parties may use pseudonyms. *Advanced Textile Corp*., 214 F.3d at 1067-68 (quotations and citation omitted). A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. The Ninth Circuit has identified three circumstances where this may be the case: "(1) when identification creates a risk of retaliatory physical or mental harm"; "(2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and "(3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id*. (cleaned up). District courts have broad discretion to determine whether a plaintiff may proceed anonymously. *See id*.; *Kamehameha Schools*, 596 F.3d at 1045-46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-04743-MWC-PD Date: August 6, 2026

Title *John Doe v. The Regents of the University of California*

### B. Analysis

In his Motion, Plaintiff seeks an order permitting him to proceed in this action under a pseudonym. Dkt. No. 2. Plaintiff argues that his confidential academic records may be exposed and he risks future professional harm, financial harm, future physical harm or death without this protection. Dkt. No. 2. However, Plaintiff has failed to provide any evidence to rebut the general presumption that the parties to litigation are public. Further, Plaintiff's allegations of risk of future professional harm, financial harm, physical harm or death are entirely speculative. Plaintiff fails to provide any evidence or details to support credible allegations of harm to him. Regarding prejudice, Defendant has not been served at this point, so the Court concludes that this consideration is neutral. Based on the allegations in this Motion, the Court does not find special or unusual circumstances that justify protection of Plaintiff's identity.

Accordingly, Plaintiff's Motion is **Denied** without prejudice. The Court orders Plaintiff, on or before **August 21, 2026**, to file either: (1) a First Amended Complaint that includes his true name; or (2) an amended motion to proceed under a pseudonym that includes evidence that supports his motion. Failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.